USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02/21/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
:
JOSE A. RODRIGUEZ, :
:
:
Plaintiff, :
: 1:19-cv-9206-GHW
-against- :
: ORDER DENYING REQUEST FOR
ANABEL BATISTA, IESHA GRAHAM, : PRO BONO COUNSEL
KAREN GUARENTE, :
:
Defendants. :
:
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

Plaintiff has filed an Application for the Court to Request Counsel. For the following reasons, Plaintiff's application is denied.

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).[1] Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id.* Even if a court does believe that a litigant should have a lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant.

---

[1] The form that Plaintiff used referenced 18 U.S.C. § 30006A(g), a statute applicable only in criminal cases. This is not a criminal case. Still, because he is proceeding *pro se*, the Court must liberally construe Plaintiff's submissions and "interpret them to raise the strongest arguments that they suggest." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (internal quotation marks and citation omitted); see *also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . .") (internal quotation marks and citation omitted). Thus, the Court interprets Plaintiff's request as one under 28 U.S.C. § 1915(e)(1).

*Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-310 (1989).  Moreover, courts do not have funds to pay counsel in civil matters.  Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving.  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel.  802 F.2d at 61-62.  Of course, the litigant must first demonstrate that he or she is indigent, *see Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*.  The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously."  *Id.* at 60-61.  If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel).  In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion.  *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Rather, each application must be decided on its own facts.  *See Hodge*, 802 F.2d at 61.

**DISCUSSION**

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted.  *See* Order dated January 9, 2020, ECF No. 3.  When Plaintiff filed his Application for the Court to

Request Counsel, Plaintiff affirmed that his financial status had not changed.  *See* Application for the Court to Request Counsel, ECF No. 6.  Plaintiff therefore qualifies as indigent.

In the complaint, Plaintiff asserts a claim under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA"), alleging that the defendants discriminated against him because of his sex, national origin, and age.  Plaintiff's complaint also appeared to allege that the defendants discriminated against him because of his race.  The Court has therefore construed the complaint as asserting additional claims of race discrimination under Title VII and 42 U.S.C. § 1981, and asserting claims under the New York State and New York City Human Rights Laws ("NYSHRL" & "NYCHRL").

Still, for the reasons stated in the Court's February 11, 2020 order, ECF No. 5, the Court does not find that Plaintiff's claim is "likely to be of substance."  *Hodge*, 802 F.2d 61-62.

The Court similarly finds that the other *Hodge* factors weigh against granting Plaintiff's application.  The facts underlying Plaintiff's allegations of discrimination are known to him, so there is no need for him to conduct extensive investigation to determine the "crucial facts," there is no indication that conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, Plaintiff is sufficiently capable of presenting his case, and the case itself does not involve particularly complex legal questions.  *Hodge*, 802 F.2d at 61.  In this case, representation would not "lead to a quicker and more just result by sharpening the issues and shaping examination."  *Id.*

## CONCLUSION

For the foregoing reasons, Plaintiff's Application for the Court to Request Counsel is denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion pending at ECF No. 6. The Clerk of Court is further directed to mail a copy of this order to Plaintiff by first class mail.

SO ORDERED.

Dated: February 21, 2020
       New York, New York

                                            GREGORY H. WOODS
                                          United States District Judge