UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<div style="border:1px solid black">
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/29/2021
</div>

JOSE A. RODRIGUEZ,

                    Plaintiff,

        -against-

CARE DESIGN NEW YORK, ANABEL
BATISTA; IESHA GRAHAM; KAREN
GUARENTE,

                    Defendants.

1:19-cv-09206-GHW

ORDER OF SERVICE

GREGORY H. WOODS, United States District Judge:

       Plaintiff brings this *pro se* action asserting that the defendants discriminated against him

based on his age and national origin.  Plaintiff has indicated that he seeks to file a claim under the

Age Discrimination in Employment Act of 1967.  Because Plaintiff seems to also assert that the

defendants discriminated against him because of his race, the Court construes the complaint as

asserting additional claims under Title VII of the Civil Rights Act of 1964 as well as claims under

42 U.S.C. § 1981.  The Court further construes the complaint as asserting claims under the New

York State and City Human Rights Laws.  By order dated January 9, 2020, the Court granted

Plaintiff's request to proceed in forma pauperis ("IFP").  Because Plaintiff has been granted

permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect

service.  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); Fed. R. Civ. P. 4(c)(3) (the court must

order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

       On April 20, 2020, Plaintiff amended his complaint.  Dkt. No. 8.  The Court permitted

Plaintiff to effect service of that complaint through the U.S. Marshals Service.  *See* Dkt No. 11.  The

Court did not receive a certificate of service of that amended complaint.  On July 29, 2021, Plaintiff

amended his complaint for the second time.  Dkt. No. 15.  Plaintiff is again permitted to effect

service through the U.S. Marshals Service.

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); see also *Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

The U.S. Marshals are ordered to serve Plaintiff's Second Amended Complaint, Dkt. No. 15, on Defendants. The U.S. Marshals are further ordered to serve Plaintiff's First Amended Complaint, Dkt. No. 8, on Defendants, to the extent they have not already done so. *See* Dkt. No. 11. If the First Amended Complaint was previously served on Defendants, the U.S. Marshals are directed to file proof of service on the docket.

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants. The Clerk of Court is further directed to mail a copy of this order to Plaintiff by certified mail.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.

*Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good

faith when he seeks review of a nonfrivolous issue).

        SO ORDERED.

Dated:    July 29, 2021
New York, New York

                                                            _____
                                                     GREGORY H. WOODS
                                    United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

**Cave Design New York**
2500 Halsey St.
Bronx, NY 10461

**Anabel Batista**
2500 Halsey St.
Bronx, NY 10461

**Karen Guarente**
2500 Halsey St.
Bronx, NY 10461

**Iesha Graham**
2500 Halsey St.
Bronx, NY 10461